(91 South. 70)

No. 23456.

## SERIO v. NEW ORLEANS RY. & LIGHT CO.

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Carriers ⬅️303(10)—**Permitting passenger to alight from street car on side toward another track would support an inference of negligence.**

Negligence of street car company might be inferred from its action in opening gates for passengers to alight on the right-hand side where there was another track in close proximity, and keeping them closed on the left-hand side, where there was a netural zone affording safety.

2. Carriers ⬅️333(4)—**Passenger held contributorily negligent for alighting in front of street car which he saw approaching on another track.**

Where a street car passenger, after seeing a car approaching on the track alongside that on which his car was traveling, and, ascertaining it was one to which he desired to transfer, alighted from his car, which was stopping, when the other car was so close it could not be stopped, and when there was not sufficient room for him between the cars, he was contributorily negligent.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit by Vincent Serio against the New Orleans Railway & Light Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Lazarus, Michel & Lazarus and Herbert S. Weil, all of New Orleans, for appellant.

Dart, Kernan & Dart, of New Orleans, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Plaintiff has appealed from a judgment rejecting his demand and dismissing his suit for damages for personal injuries. He was knocked down by a street car when he stepped off another car, going in the same direction. He alleges that the conductor on the car on which he was riding as a passenger was guilty of negligence in leaving open the doors or gates on that side of the car which was so close to the other car track, and in having closed the doors or gates on the other side of the car, where it would have been safe for a passenger to alight. He alleges that the conductor was guilty of negligence in failing to warn him of the danger of alighting from the open door of the car. And he avers that the motorman on the car that struck him, which he alleges was traveling at a very high rate of speed, did not sound his gong or give any other warning that the car was approaching.

The defendant railway company denies that there was any negligence on the part of its employees, avers that the sole cause of the accident was plaintiff's carelessness and negligence in getting off the car at an apparently dangerous time and place, and avers that it was impossible for the motorman on the other car to avoid striking him.

[1] The accident happened in the daytime, on Canal street, between North Peters and Decatur streets, about two car lengths from Decatur street. Plaintiff was a passenger on a City Park car, which came up North Peters and turned to the right into Canal street. The car track crosses the track of the Tulane Belt line, in the curve, and runs thence parallel with it out Canal street a distance of about a block and a half. The space between cars passing on the two tracks is only 14 or 15 inches. On the left, or uptown, side, of the City Park line is a wider space, called the neutral ground, where passengers can alight safely from the left side of the cars going out Canal street. When the cars on that line are coming up North Peters street, towards Canal street, the doors or gates on the left-hand side are kept closed, and those on the right-hand side are open and in use. That is the safe way to maintain the doors or gates until the cars have turned into Canal street; but there the safer exits from the cars are on the left, or uptown, side. It was not the custom or rule of the company, previous to this accident, to reverse the order of using the car doors or gates on the City Park line by closing the doors or gates on the right side and opening those on the left side of the cars when turning into Canal street. The reason, probably, was that the terminus of the line was only a block and a half further out on Canal street. Between North Peters street and the terminus, the cars made only one regular stop for letting out passengers; that was at Decatur street. After crossing Decatur street, the cars were switched into a neutral ground, and parked there, where it was safe for passengers to alight from the right side, or downtown side, of the cars. It appears that it was the custom or rule of the company on other car lines on Canal street to keep the doors or gates of the cars closed on the side near another car line, and to open them on the side next to the neutral space, without regard to its being the right or left side of the cars. It appears, too, that that method of operating the car doors or gates was adopted on the City Park line immediately after this accident, but was discontinued about a week later.

[2] From the circumstances which we have mentioned, it may be inferred that the method of operating the car doors or gates on the City Park line on Canal street, at the time of the accident, was not as safe as it might have been, or ought to have been. If that had been the sole or proximate cause of the accident, or if plaintiff had not been

guilty of negligence in alighting from the car at a particularly dangerous time and place, the railway company might well be held liable for the injury. But plaintiff was guilty of carelessness or negligence in leaving the car at that particular time and place. He held a transfer to the Tulane Belt line, going out Canal street from the river. When the City Park car, on which he was riding, turned into Canal street the Tulane Belt car was approaching from the rear. He arose, and, being unable to read the sign on the approaching car, asked a passenger on the rear platform if the car approaching was a Tulane Belt car. Being told that it was, and being anxious to board it, he stepped down immediately as the front platform of the Tulane Belt car was passing the rear platform of the City Park car, and was brushed by the side of the Tulane Belt car and struck by the rear step. The City Park car was slowing down to stop at Decatur street, and, in fact, plaintiff says it had stopped, though other witnesses say it was stopping or was about to stop when plaintiff stepped off. Whether the car had or had not quite stopped when plaintiff stepped off is a matter of no importance, because he admits that he saw the other car approaching, and he must have known that the front end of that car had to pass the rear end of the car on which he was riding. We can hardly imagine a case of more reckless disregard for danger on plaintiff's part than this record presents. The conductor of the City Park car was on the inside, attending to his duties, and was not aware that plaintiff intended to alight in front of the approaching car. The motorman of the Tulane Belt car could not have avoided the accident. In fact he did not know it had happened until his car was crossing Decatur street.

The judgment is affirmed at appellant's cost.